UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD LEE WANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18 CV 833 CDP |
| | ) | |
| OHIO CASUALTY INSURANCE COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This newly-filed case is before me for review of subject-matter jurisdiction. Plaintiff Richard Lee Wann brings this action alleging that several defendants subjected him to unlawful imprisonment, unlawful imprisonment by chemical restraint and battery, and intentional and negligent infliction of emotional distress. He also claims that the defendants committed fraud upon the court during a state court proceeding and seeks to have that court's decisions declared null and void. Finally, Wann seeks relief "in the name of the State of Missouri" for these alleged violations of Missouri law, as well as for negligent conversion and theft. Wann invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332.[1]

I have reviewed Wann's complaint and find there to be no adequate statement

---

[1] Plaintiff previously filed a similar action raising several of these claims against several of the same defendants. *See Wann v. St. Francois Cty., Mo.*, Case No. 4:15CV895 CDP.

of citizenship with respect to any of the parties in this case. I will therefore order him to file an amended complaint to properly allege this Court's subject-matter jurisdiction.

Wann claims he resides in California. As to all of the individual defendants, Wann claims that they either reside or live in Missouri, or can be "found" at various locations in Missouri. For purposes of diversity, however, a statement of where an individual resides is insufficient to establish that person's citizenship. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

Wann also names Ohio Casualty Insurance Company as a defendant. With respect to corporate defendants such as Ohio Casualty, a proper statement of citizenship includes the corporation's place of incorporation and its principal place of business. *Sanders*, 823 F.2d at 216; *see also Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016). Here, Wann describes Ohio Casualty only as "an Ohio insurance company" doing business in Missouri. This is insufficient to establish the citizenship of this defendant.

Finally, Wann names Farmington Missouri Hospital Co. LLC and The Arbors Nursing Home, d/b/a Americare at Maplebrook Assisted Living LLC as defendants in the case and identifies them each as "a Missouri Domestic LLC." For purposes of diversity, a limited liability company's citizenship is the citizenship of all its members. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d

827, 829 (8th Cir. 2004). Wann does not identify the members of either LLC. Nor does he allege the citizenship of all of the members of each LLC.

Because there is no sufficient statement of citizenship with respect to any party in this case, I am unable to determine if this Court has subject-matter jurisdiction. Accordingly, I will give Wann until June 20, 2018, to amend his complaint to properly allege this Court's subject-matter jurisdiction. Failure to timely comply with this Order may result in this action being dismissed without prejudice for lack of subject-matter jurisdiction.

Therefore,

**IS IT HEREBY ORDERED** that plaintiff Richard Lee Wann shall file an amended complaint not later than **June 20, 2018**, to properly allege this Court's subject-matter jurisdiction. Failure to timely comply with this Order may result in this action being dismissed without prejudice for lack of subject-matter jurisdiction.

                                         _____
                                         CATHERINE D. PERRY
                                         UNITED STATES DISTRICT JUDGE

Dated this 14th day of June, 2018.